UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER R. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00082-JMS-DLP |
| | ) | |
| WEXFORD HEALTH IND. LLC., | ) | |
| SAMUEL BYRD, | ) | |
| KIMBERLY HOBSON, | ) | |
| RICHARD BROWN, | ) | |
| THOMAS WELLINGTON, | ) | |
| MICHAEL A. MITCHEFF, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ENTRY GRANTING DEFENDANT BROWN'S
MOTION FOR SUMMARY JUDGMENT**

For the reasons explained in this Entry, defendant Richard Brown's motion for summary judgment, dkt. [78], is **granted.**

## I. Background

Plaintiff Christopher R. Bailey is a prisoner confined at all relevant times at the Wabash Valley Correctional Facility (Wabash Valley). He brings this 42 U.S.C. § 1983 civil rights action against defendant Warden Brown, among other defendants. He alleges that he repeatedly complained to Warden Brown about being denied adequate medical treatment for his injured knee, but Warden Brown took no corrective action. He alleges that Warden Brown had known for months that something was seriously wrong with his knee but refused to take corrective measures to provide treatment. Dkt. 43 at 3 (Entry Screening Amended Complaint).

1

Defendant Brown seeks resolution of the claim against him through summary judgment. Dkt. [78]. Mr. Bailey responded, dkt. [88-89], Brown replied, dkt. [91], and Mr. Bailey sur-replied, dkt [93]. The motion is ripe for resolution.

## II. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Educ., Inc.,* 906 F.3d 621, 628 (7th Cir. 2018). The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018).

## III. Discussion

### A. Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Bailey as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

At all times relevant to the amended complaint, Richard Brown was the Warden of Wabash Valley. Dkt. 78-1, ¶ 2.

On or about August 13, 2018, Mr. Bailey was injured lifting weights. Dkt. 45 at 3; dkt. 78-2, 27:10-22. Afterward, he was taken to see the medical staff and ordered an x-ray examination. Dkt. 45 at 3. He was also issued a pair of crutches, a knee sleeve, and steroid pills. *Id.*; dkt. 78-2, 28:9-18. That day, once Mr. Bailey returned to his cell, he was also given a pass to the lower range and a lower bunk assignment. Dkt. 78-2, 29:7-18. Mr. Bailey's x-ray results returned as "normal." Dkt. 45 at 3; dkt. 78- 2, 31:7-16.

Mr. Bailey was given a cortisone shot on August 22, 2018. Dkt. 78-2, 34:9-14. On September 5, 2018, Mr. Bailey was seen by the medical staff and received a list of exercises to perform. *Id.*, 37:22-25, 38:1. Mr. Bailey reports that the exercises did not improve his condition. *Id.*, 39:20-25. On September 25, Mr. Bailey was again seen by medical staff. Dkt. 76-5, p. 19. That day, he received another x-ray, and his medications were continued. Dkt. *Id.*, p. 19-20.

On October 23, 2018, Mr. Bailey submitted a formal offender grievance complaining about his medical care. Dkt. 78-3 at 2. On November 9, 2018, Mr. Bailey also wrote a letter to the Warden's office. *Id.* at 1. In his letter, Mr. Bailey asked: "to be taken to the hospital for an MRI." Dkt. *Id.* Warden Brown did not receive or review this letter. Dkt. 78-1, ¶ 5. Deputy Warden of Operations Kevin Gilmore reviewed the letter and indicated that no further response was necessary because Mr. Bailey was pursuing an offender grievance. *Id.*; Dkt. 78-3 at 1. Mr. Bailey received a response to his offender grievance on November 16, 2018. Dkt. 78-3 at 3. Mr. Bailey submitted his grievance appeal on November 26, 2018. Michael Ellis denied the grievance appeal on December 4, 2018. Dkt. 78-3 and 4.

Mr. Ellis is the Ligation Liaison at Wabash Valley. Dkt. 78-4, ¶ 2. The offender grievance

3

procedure allows the Warden to designate someone to respond to grievances on the Warden's behalf. Dkt. 78-5 at 3. Warden Brown designated Mr. Ellis to respond to offender grievance appeals. Dkt. 78-4, ¶ 5.

Warden Brown never personally received any information from Mr. Bailey, or anyone else, that caused him to believe that Mr. Bailey was receiving inadequate medical treatment. Dkt. 78-1, ¶ 7.

Wexford of Indiana, LLC, (Wexford) is contracted by the Indiana Department of Correction (IDOC) to provide medical treatment to offenders incarcerated within the IDOC. *Id.*, ¶ 9. Licensed medical providers employed by Wexford make treatment decisions about offenders' medical needs. *Id.*, ¶ 10. Warden Brown is not a licensed physician, he does not have medical training, and he does not treat or make healthcare decisions for offenders. D*Id.*, ¶ 11. Warden Brown has never had personal involvement with Mr. Bailey's medical care or the decisions of his medical care providers. *Id.*, ¶ 12.

### B. Analysis

Warden Brown argues that he lacked sufficient personal involvement in Mr. Bailey's medical care to be found responsible for any of Mr. Bailey's alleged constitutional violations. He also contends that he was entitled to rely on the decisions of the medical personnel who treated Mr. Bailey and that Mr. Bailey was not entitled to demand specific care.

Mr. Bailey argues that Warden Brown was deliberately indifferent to his serious medical needs. He contends that Warden Brown was made aware of his requests for medical care through the letter Mr. Bailey sent to the Warden's office in November of 2018 requesting an MRI. Dkt. 78-2, 63:8-25; dkt. 78-3 at 1. He also believes that Warden Brown was aware of his medical complaints through the grievance process and that Warden Brown failed to intervene on his behalf

4

and direct medical personnel to order Mr. Bailey's desired treatment. Dkt. 78-2, 64:6-23. Finally, Mr. Bailey believes that, as Warden, Brown had the authority to direct medical personnel to take Mr. Bailey to the hospital, and his failure to do so constitutes deliberate indifference. Dkt. 68:1-9.

Mr. Brown was a convicted prisoner at all relevant times. This means that the Eighth Amendment applies to his deliberate indifference claim. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"). To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019); *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016); *Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). "[A]n inmate is not entitled to demand specific care and is not entitled to the best care possible…." *Arnett,* 658 F.3d at 754. Rather, inmates are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.*

"A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014). The "subjective standard requires more than negligence and it approaches intentional wrongdoing." *Holloway v. Del. Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012).

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Moreover, there is no *respondeat superior* liability in § 1983 cases. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not

for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Individual liability "may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Id.*

"Non-medical defendants, such as [the Warden], can rely on the expertise of medical personnel." *Arnett*, 658 F.3d at 755. "[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.*

Deputy Warden of Operations, Kevin Gilmore, responded to the letter sent to the Warden's office on November 9, 2018. Dkt. 78-1, ¶ 5. Litigation Liaison Ellis responded to Mr. Bailey's facility-level grievance appeal as Warden Brown's designee. *Id.*, ¶ 6. Mr. Bailey has presented no admissible evidence to create a genuine material question of fact as to Warden Brown's subjective awareness of any of Mr. Bailey's medical needs. Rather, the designated record is undisputed that Warden Brown did not know that Mr. Bailey believed he was receiving inadequate medical treatment. Moreover, Mr. Brown's mere position as Warden is not sufficient to invoke liability. *Perez,* 792 F.3d at 781. Finally, Warden Brown, as a non-medical official, could properly rely on his belief that medical personnel were making appropriate treatment decisions. *Arnett,* 658 F.3d at 755.

## IV. Conclusion

For the reasons discussed above, Warden Brown's motion for summary judgment, dkt. [78], is **granted.** No final judgment shall issue at this time because claims against other defendants remain pending.

**IT IS SO ORDERED.**

Date: 1/12/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER R. BAILEY
121747
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All electronically registered counsel